## † ROGERS *versus* McPHETERS.

In the deed of the Land Agent of this State was this reservation : — " Reserving however to actual settlers thereon the right to perfect their titles to such lands in the same manner as if this conveyance had not been made" : — *Held*, that such reservation was designed only for those who had contracts in writing by which titles could be perfected.

*Parol* evidence is not admissible to determine the *intention* of the parties to a deed. *That* is to be gathered from the deed itself.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding. WRIT OF ENTRY.

The State formerly owned the premises, and the demandant claimed them under a deed from the Land Agent, in which was this reservation : — " Reserving however to actual settlers thereon, the right to perfect their titles to such lands in the same manner as if this conveyance had not been made."

The tenant offered to prove that he had occupied the premises for fourteen years ; that the Land Agent told him to go on and work it out ; that the Agent thought it worth 75 cents per acre ; that no price was agreed upon ; that by request of one acting under the Agent, he worked out ten dollars on the road, which was to go in part pay for the land.

He also offered to show, by parol, that at the time the deed to plaintiff was made, the reservation therein was intended to cover all such cases as tenant's ; that when individuals have gone on and commenced making farms, the State, in their sales, has protected the settler, before sales were made ; that the intention was to protect all who had taken up land and not fully settled for the same.

It was agreed, if the evidence was admissible, and would constitute a defence in whole or in part, the cause was to stand for trial ; otherwise a default to be entered.

*Knowles & Briggs*, for tenant, argued that the tenant was an actual settler, and one intended to be protected by the reservation in the deed.

*Kent,* for demandant.

Rogers *v.* McPheters.

APPLETON, J. — The plaintiff, to establish his right to recover, read in evidence a deed of the demanded premises from the State, in which was reserved "to actual settlers thereon, the right to perfect their title to such lands in the same manner as if this conveyance had not been made."

It is in proof that the defendant, or those under whom he claims, commenced making a farm on the land in dispute, some thirteen or fourteen years ago, with the verbal consent of the Land Agent of the State, but without fixing any price for the land, or making any agreement whatsoever for its purchase.    A verbal contract to purchase, being within the statute of frauds, c. 136, would not have been binding.  But in this case, no contract, verbal or written, appears to have been made.   The legal title to the demanded premises remained in the State until they were conveyed to the demandant.    As against the State, the defendant had no legal right to perfect his title to these lands, for he had not entered into any contract, upon the performance of which, his title to the same was to become perfect.    The demandant taking the title of the State, is bound to perform all its obligations. But as the defendant has no rights against the State, so he has none which can be set up in opposition to those of the demandant.

The intent of the parties to the deed is to be gathered from its language, and that neither protects nor recognizes the rights now claimed by the defendant.   No principle is better established, than that parol evidence is not admissible to change or alter the meaning or effect of the reservation made in the conveyance under which the demandant derives his title.                    *Defendant defaulted.*